### BAUMAN v. GOLDTHORPE.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

EXECUTORS AND ADMINISTRATORS (§ 137*)—REAL PROPERTY—SALE.

    A written contract by which an administrator agrees to sell certain land of the deceased for a price fixed, the conveyance to be made when the administrator should have obtained permission of the Surrogate's Court, is void and not enforceable after the administrator obtains such permission, as under Code Civ. Proc. § 2750 et seq., an administrator can only sell the real estate of deceased after first filing his bond for the faithful performance of his duties and obtaining an order by the Surrogate's Court empowering him to sell.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 558; Dec. Dig. § 137.*]

Appeal from Special Term, Queens County.

Suit for specific performance by Emma Bauman against Mary A. Goldthorpe, administratrix. From an interlocutory judgment sustaining a demurrer to the complaint as not stating facts sufficient to constitute a cause of action, plaintiff appeals. Affirmed.

The complaint alleges that after the defendant was appointed administrator of Mary McDonald, who had died intestate, she entered into a written contract with such administrator, to sell certain land of the deceased for a price fixed by the said contract, the conveyance to be made when the said administrator should have obtained permission of the Surrogate's Court to sell and convey the same; that the administrator thereafter obtained such permission, but refused to carry out such contract.

Specific performance was prayed for.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Charles B. Mason for appellant.

Gregg, Frank & De Witt, for respondent.

GAYNOR, J. The demurrer that the complaint did not state facts sufficient was properly sustained. On petition by an administrator of an intestate the Surrogate's Court may make a decree empowering him to sell real estate of the intestate to pay debts and funeral expenses; and thereupon, but after first filing in the said court his bond with two sureties, in a penalty to be fixed by the Surrogate, for the faithful performance of his duties, he shall have the same power of sale of such real estate as if he were acting as executor under a will of the decedent containing a power of sale of real estate to pay debts and funeral expenses. Code Civ. Proc. § 2750

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

et seq. Until such decree has been made, and he is under the sanction of such bond, he has no power to make a contract of sale. If he make one it is void.

The interlocutory judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.